[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendants' Motion to Strike, dated December 19, 1995 was denied by the court on February 13, 1996. The defendants filed a Request for Articulation dated February 29, 1996.
The dispositive issue is whether the defendants' failure to register their limited partnership certificate (as required by C.G.S. § 35-1) raises a Cutpa claim in favor of the plaintiff. Under the circumstances of this case, it does not.
Upon a revisit of the Motion to Strike the second count, this court concludes that no cognizable cause of action exists under this count and accordingly the Motion to Strike is granted.
The facts are not complicated. In the first count the plaintiff alleges a wrongful termination of employment because of his refusal to remove some asbestos products. In the second count the plaintiff alleges that the defendants failed to file a certificate of limited partnership with the Secretary of the State as required by Conn. Gen. Statute, § 34-10
Conn. Gen. Statute, § 35-1 is intended to protect creditors and not employees. The plaintiff alleges he is an employee and not a creditor. "It is found that § 35-1 does CT Page 3763 not itself create a private cause of action, but can be a basis of a cause of action if facts necessary to support a Cutpa claim are pled." 180 Investors v. Fairfield Lumber et.al., 4 Conn. L. Rptr. 345, (1991), Ryan, J. "From this we conclude that, even though as an incidental benefit § 35-1 may provide some protection to persons transacting business under a trade name, it is primarily intended to protect creditors by giving them constructive notice of the contents of the trade name certificate." Metro Bulletins Corporation v. Soboleski,30 Conn. App. 493, (1993), 620 A.2d 1314, cert. granted in part, 225 Conn. 923, 625 A.2d 823 (1993).
The second ground for striking the challenged count is that it does not allege a nexus between the plaintiff's alleged injuries and the failure to register the partnership certificate. "The plaintiff's claim, however, must fail because in order to prove a private cause of action under Cutpa, the plaintiff must show not only that [the defendant] engaged in an unfair trade practice, but that he suffered harm as a result." Haesche v. Kissner, 229 Conn. 213, 219, (1994).
Section 42-110g(a) provides in relevant part that "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use of employment of a method, act or practice prohibited by Section42-110b, may bring an action . . . to recover actual damages.
The third ground for striking the second count is simply that the employer-employee relationship does not fall within the definition of trade or commerce for the purposes of an action under Cutpa. Quinby v. Kimberly Clark Corporation,28 Conn. App. 660 (1992).
The actual employment relationship is not itself trade or commerce for the purpose of Cutpa. Ct. Banerjee v. Robert,641 F. Sup. 10 (D.Conn. 1986).
For the reasons stated, the defendants' motion to strike the second count is accordingly granted.
SO ORDERED:
Arthur L. Spada, Judge CT Page 3764